Submitted April 29, portions of judgment requiring defendant to pay restitution and fines vacated and remanded; otherwise affirmed June 10, petition for review denied November 12, 2015 (358 Or 249)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LAURIE MAE PRICE,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR110070; A154442

352 P3d 84

Peter Gartlan, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for a number of crimes that, among other things, ordered her to pay restitution. After the jury found defendant guilty, the trial court held a sentencing hearing at which the court sentenced defendant to 72 months in prison and told defendant that it would impose restitution. The trial court subsequently entered a judgment of conviction that ordered defendant to pay restitution. Defendant responded by requesting a hearing on restitution, which the court did not hold. *See* ORS 137.106(5) ("If the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue * * *.").

Defendant contends that the trial court erred by failing to hold the restitution hearing that she requested. The state concedes that the trial court erred in doing that. We accept the state's concession and vacate the restitution award. *See State v. Craine*, 271 Or App 101, 113-15, 349 P3d 628 (2015) (vacating restitution award that court entered before expiration of time for defendant to object). Defendant raises other assignments of error, which we reject without written discussion.

Portions of judgment requiring defendant to pay restitution vacated and remanded; otherwise affirmed.